IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LUCKIE DANIELS,**

    **Plaintiff,**

vs.                                                   Case No.  1:23-CV-01117 JMR/LF

**LOS ALAMOS PUBLIC SCHOOLS DISTRICT,
JENNIFER GUY, JAMES CARTER PAYNE,
ANTONIO JUARIGUI, CHRISTINE BERSTEIN,
MELANIE COLGAN, ELLEN SPECTER,
SONDRA WYMAN,**

    **Defendants.**

## DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

COME NOW Defendants Board of Education of Los Alamos Public Schools (erroneously named as "Los Alamos Public Schools District," a non-suable entity), Jennifer Guy, James Carter Payne, Antonio Jaurigui, Cristine Berstein [sic] (correctly spelled "Bernstein"), Melanie Colgan, Ellen Specter and Sondra Wyman (hereinafter collectively referred to as "Defendants"), by and through counsel, Quiñones Law Firm LLC (Carlos M. Quiñones, Esq.), and pursuant to Fed.R.Civ.P. 12(e), hereby file this Motion for More Definite Statement. In support of this Motion, Defendants state as follows:

### I. INTRODUCTION

Plaintiff filed suit in state court on November 27, 2023. (Doc. 1-2). In her Complaint, Plaintiff makes claims that are difficult to construe, but it appears she is alleging claims under 42 U.S.C. § 1983; Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d *et seq.*); and Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e *et seq.*). (Complaint at pp. 1-2, 5). However, Plaintiff's Complaint is devoid of any numbered paragraphs, instead using a plethora of "bullet points" and lengthy paragraphs containing numerous factual statements and legal arguments. This

format makes it impracticable and very difficult for Defendants to reasonably frame a responsive pleading that adequately addresses the allegations and claims made in Plaintiff's Complaint. Moreover, the statements in the Complaint are so vague and ambiguous that Defendants cannot reasonably fashion an answer or other responsive pleading. The defects in Plaintiff's Complaint are cited herein, along with a request for desired details. In sum, Defendants respectfully move for an order granting this Motion for a More Definite Statement that orders Plaintiff to file an amended pleading that complies with the Federal Rules of Civil Procedure and that would allow Defendants to reasonably craft a responsive pleading.

## II.     RELEVANT STANDARD

Fed.R.Civ.P. 12(e) provides as follows:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Thus, Rule 12(e) of the Federal Rules of Civil Procedure permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."). "[T]he standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Peterson v. Brownlee*, 314 F. Supp. 2d 1150, 1156 (D. Kan. 2004) (citation omitted); *see also Crespin v. City of Española*, slip op., 2012 WL 592880, at *3 (D.N.M. Feb. 10, 2012)

(granting motion for more definite statement when number and nature of claims unclear from complaint).

While courts are required to construe a *pro se* filer's pleadings liberally, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), such liberality has its limits and the court may not take on the role of advocate for the *pro se* filer, as the filer is still bound by the Federal Rules of Civil Procedure. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). *See also Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *Williamson v. Owners Resort & Exch.*, 90 Fed. Appx. 342, 345 (10th Cir. 2004) ("pro se parties are subject to the Federal Rules of Civil Procedure and to the Court's local rules.). In the present matter, the *pro se* Plaintiff's 84-page Complaint (with attachments) and, more specifically, its contents consisting primarily of multiple, unnumbered bullet points and lengthy statements, make it such that Defendants cannot reasonably be expected to prepare a responsive pleading.

### III.   ARGUMENT

The primary defect in Plaintiff's Complaint is the lack of numbered paragraphs for her legal claims and related factual averments. (Complaint at pp. 8-14). Instead of having numbered paragraphs to detail her legal claims and allegations, Plaintiff instead uses a multitude of unnumbered bullet points. This format makes framing a response to Plaintiff's Complaint extremely difficult and could prejudice Defendants if their responses to various multiple unnumbered bullet points are misconstrued or deemed unresponsive.

"The Federal Rules of Civil Procedure require complaints to be comprehensible and provide a 'short and plain' statement of the claims sufficient to give the defendants reasonable and fair notice of the basis of the claims." *Williamson,* 90 Fed. Appx. at 345; Fed. R. Civ. P. 8(a)(2). Although Rule 12(e) motions are generally disfavored, the court should grant such motions "when a party is unable to determine the issues requiring a response ... [T]he standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002) (citations omitted).

The format used by Plaintiff to list her legal claims and underlying factual allegations in bullet points makes fashioning and pinpointing a denial or admission to those bullet points near impossible. So does the scattershot nature of her numerous legal claims. For these reasons, the Court should grant this Motion for a More Definite Statement.

Therefore, Defendants respectfully request the Court order Plaintiff to comply with the following requirements in an amended pleading:

1. Each paragraph in the First Amended Complaint shall be numbered, with each paragraph limited as far as practicable to a single set of circumstances.

2. Each claim in the First Amended Complaint shall state the party or parties against whom Plaintiff is making the claim; and

3. Each claim in the First Amended Complaint shall be accompanied with the relevant factual background supporting the claim.

## IV.    CONCLUSION

WHEREFORE, Defendants respectfully move this Court for an Order granting Defendants' Rule 12(e) Motion for More Definite Statement and thereby order Plaintiff to file an

amended complaint that complies with the Federal Rules of Civil Procedure within the time frame set forth in Rule 12(e) or by order of the Court.

                                   Respectfully submitted:

**QUIÑONES LAW FIRM LLC**

 */s/ Carlos M. Quiñones*
Carlos M. Quiñones, Esq.
1223 S. Saint Francis Dr., Ste. C
Santa Fe, NM 87505
(505) 992-1515
(505) 992-1714 (fax)
quinoneslaw@cybermesa.com
*Attorney for Defendants Board of Education of Los Alamos Public Schools, Jennifer Guy, James Carter Payne, Antonio Jaurigui, Christine Bernstein, Melanie Colgan, Ellen Specter and Sondra Wyman*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and accurate copy of the foregoing was served to the *pro se* Plaintiff via U.S. mail this 21st day of December 2023:

Luckie Daniels
241 Rio Bravo Drive A
White Rock, NM 87547
(575) 779-5323
*Pro Se Plaintiff*


 Electronic Signature */s/ Carlos M. Quiñones*
CARLOS M. QUIÑONES

5